Black, A. J. did not sit, he having been of counsel below.
This was a bill filed by Euphemia Newbold, against Anthony T. Newbold the heir, and Jacob Ridgeway, a purchaser, for an assignment of dower, and for damages from the death of her husband.
Barzilla Newbold, the husband, died seized of the land in Eeb. 1815, and devised it by will to his two sons Anthony T. and Daniel Newbold. The heirs entered; and, by deed dated 4 June, 1822, made *Page 56 
partition. On the 27 Jan. 1825, Anthony T. Newbold executed a mortgage of the premises to Jacob Eidgeway for $6,000. In Dec. 1827, the property was sold by proceedings under this mortgage and purchased by Eidgeway. The bill claims dower and damages to the amount of one-third of the, rents and profits from the death of Barzilla Newbold, in 1815. The decree is for an account of the rents and profits of the. land from the 25th March, 1827, the commencement of the year in which Eidgeway's title accrued. The appeal is from this decree.
Mr. Rogers, for appellant.
The single question is, whether the complainant is entitled to the rents from the death of her husband, or only from the time deft's. title accrued. At common law, the widow was not entitled to any damages. By the statute of Merton 20 Hen. 3rd, damages were given to the value of the whole dower from the death of the husband; and this whether against the heir or his alienee, if the husband died seized. If the husband does not die seized, damages can only be recovered against his alienee from the demand. Parke's Law ofDower, 301, 330-1; Bull. N. P. 116; Co. Litt. 33a; 2 Bro. Ch. R. 620. The law gives dower out of the estate of the husband and the mesne profits from his death. 1 Mad.ch. 242; 6 Johns R. 290, Hitchcock and wife vs.Harrington. A sale by the heir will not prevent the widow from recovering damages from the death of the ancestor. 5 JohnsC. R. 482.
Mr. Wales, for Eidgeway, one of the respondents.
We contest the right of Euphemia Newbold, to recover any damages as against us. Barzilla and John Newbold, were tenants in common of 800 acres of land. Barzilla died and left his undivided moiety to his two sons, Anthony T., and Daniel Newbold, making a provision for his wife. She renounced and thus became entitled to dower in one-third of the moiety of this land held in common and undivided. No subsequent partition can affect her. After her renunciation, John Newbold and Anthony T. and Daniel Newbold, the heirs of Barzilla made an amicable partition of the lands so held in common. The widow now goes for dower in that part only of the land laid off to Anthony T., whereas she ought to have sought dower out of the whole estate of her husband Barzilla, being an undivided moiety of the lands held in common. 2Bac. Ab. B. Tit. Dower, s. 3, p. 127, (366;) Mitf'd.
148, 158.
This is clearly a bill for a part only of dower; and dower must be laid off out of the whole of an estate held in common: dower out of a part gives no certain estate. So decided in the case of Waples
and Waples, in Sussex, per Chancellor Ridgely.
But as we are not appellants, this defence can avail us only so far as to get an affirmance of the present decree.
Second. We contend that damages can only be given against Eidgeway from the time of his title accrued: that they must be apportioned among the several holders of the land according to the time of their enjoyment. 4 John. G. C. 604; 3 Atk. 131; 3 Brown
264; 1 Paige C. R. 192, Russel vs. Austin. Arrears of dower against the purchaser of the premises in which dower is claimed, can only be recovered *Page 57 
from the time of the purchase. Per Chr. Walworth. Bill for dower and damages against a purchaser. Decree for damages confined to the date of deft's. purchase. Dick vs. Doughten, post.
Mr. Rogers, in reply.
An objection has been made for want of proper parties, John Newhold the other tenant in common, not being included. This question was settled in the court below on demurrer. This proceeding is only for dower out of that particular part of the land of Barzilla Newbold, that was assigned to Anthony T. Newbold.
The general principles of the doctrine I have advanced are not denied as applicable at law, and equity follows the law.
 The decree of the Court of Chancery was affirmed.